# ALBERT A. BRAGER *vs.* GEORGE B. AUSTIN.

*Negligence—Master and Servant—Falling Through Open Elevator Door.*

A boy about twelve years old was employed in defendant's store to deposit waste paper in a room in front of the door of a freight elevator. The space in front of the elevator was dimly lighted and the door of the elevator was out of order. The boy was killed either by falling from the floor to the basement through the door which had been left open after the elevator had ascended, or by falling from the elevator to the floor and then through the open doorway to the basement. In an action to recover damages for the death so occasioned, *held*, that the evidence of defendant's negligence was legally sufficient to go to the jury.

Appeal from the Superior Court of Baltimore City (WICKES, J.), where there was a judgment for the plaintiff for $800.

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE and SCHMUCKER, JJ.

*Carroll T. Bond*, for the appellant.

The plaintiff cannot recover unless and until he shows that the efficient cause of the accident was some negligence on the part of the defendant, this burden of proof being upon the plaintiff. It is not absolutely certain that the boy fell from the elevator, as he may possibly have jumped to the floor and missed his footing, or in some way made a slip after leaving the elevator. It was the theory of the appellant, suggested in the examination of witnesses, that this boy attempted to climb down as the elevator boy did later, but was not long enough to reach the floor and fell.

The only evidence of the boy's movements before his fall placed him on the elevator, and that he fell from there in some way is the only surmise that can be based on a known fact. But apart from the want of any knowledge upon which to base an inference, it cannot be said that the defendant may have

neglected any duty he owed the boy there, as under the law, he owed him none. The defendant, as master, was obliged to guard and protect the boy only from such dangers as the master should apprehend as likely to surround the boy in the ordinary course of his work and in the positions into which his work should be expected to carry him. Not only was this boy not expected to be on the elevator, he was expressly forbidden to go upon it, and the operator had instructions to keep him off. He got on in violation of the posted rule, and against all reasonable precautions his employer could adopt to prevent the boy's going upon the elevator and submitting himself to its dangers. *Phila. & Reading R. R.* v. *Hummell*, 8 Wright, 379; *Hochman* v. *Moss Co.*, 4 Mise. (N. Y.) 160; *Pittsburg, Cinn. & St. L.* v. *Adams*, 105 Ind. 169; *Felch* v. *Allen*, 98 Mass. 572; *Atlanta & C. Air Line* v. *Ray*, 70 Ga. 674; *Cowhill* v. *Roberts*, 71 Hun. 130; 2 *Thompson on Negligence*, p. 1017.

The facts of the accident are not proved and we cannot consider whether any duty was neglected. The evidence in the record, and all that was obtainable, of the accident itself discloses only the following known facts. That the boy was on the elevator when it went up from the first floor with the paper for the chute. Then we know next that in a short time, perhaps a few minutes, and at about the time the elevator stopped at the chute, he fell to the bottom of the shaft. The cause of the accident, of course, was something that occurred in between his going on the elevator and his fall down the shaft. But between these two events we have nothing in the way of evidence or information, as to the facts, therefore, from which we should have to deduce the cause of accident the evidence is blank. We are left to conjecture to fill this blank, and with conjecture the law has nothing to do. If we may pursue it, however, we must conclude that it is hardly possible that the boy fell upon the elevator floor and rolled through the narrow opening into the shaft. He would hardly have fallen so flat and straight and then have rolled; and if he had done this it can hardly be imagined but that by lifting his arms or knees he would have stopped himself.

The only reasonable conjecture seems to be that he intentionally crawled through to get back to the first floor where he was at work, and either lost his balance on the edge of the elevator platform, or misjudged the distance to the floor and failed to get a good footing, and so slipping, fell.

But, however plausible, the guesses that are now made, it must be remembered that they are no more than guesses. The cause of the accident not being shown, therefore, the jury could not say that any negligence of which the defendant might have been guilty, as charged in the declaration caused the accident, and for this reason the prayer of the defendant should have been granted. *Arnold* v. *Green*, 95 Md. 217; *Riordan* v. *Steamship Co.*, 124 N. Y., 655; *Wakelin* v. *London & S. W.*, 12 App. Cas. (1887) 41; *Sorenson* v. *Manasha Paper and Pulp Co.*, 56 Wis. 338; *Nelson* v. *Swift*, 55 Neb. 598; *State, use Bernard*, v. *P. W. & B. R. R.*, 60 Md. 555; *B. & P. R. R. Co.* v. *Abbott*, 75 Md. 152.

If the defective pulley chain be regarded as a cause, this is not shown to have been due to negligence of the employer. An employer is not an insurer against injury to his employees by defective appliances. All he is bound to is the exercise of ordinary care not to subject an employee ignorant of the defects to the dangers of them. And to establish negligence in such a case it must be shown first, that the master at least knew of such defect, or would have known of them by the exercise of ordinary care, for he cannot conform his actions to unknown conditions. But here neither the master nor any of his representatives knew of the broken chain. It had been broken but a day at most, so far as appears from the evidence and there was no evidence to show that the master in the exercise of ordinary care would have discovered it earlier, even if he himself had undertaken to find such defects about his establishment.

In this particular case it was the duty of the elevator boy, a fellow servant of the boy Austin, to find and report such defects. He did not report this defect before the accident, and if this was negligence on his part it is not chargeable to

the defendant. *Hanrathy's case*, 46 Md. 280, 288. Indeed when it is so difficult to imagine any danger from the interference with raising the door, it can hardly be considered culpable in any one to allow the chain to remain broken. There was no duty on the employer to construct his door with counter weights at all, and it would · have been perfectly proper and ordinarily careful for him to construct such a door without counter weights altogether, and arrange that it should always be kept up, when raised by a prop.

*Thos. Ireland Elliott,* for the appellee.

The present is a case where the doctrine of *res ipsa loquitur* applies in all its force. We do not say that the mere fact of the accident shows negligence on the part of defendant, but that the circumstances attending the accident as appearing from the evidence were such as to justify a jury in believing and holding that but for the negligence of defendant the accident could not and would not have happened. It was testified that the accident could not have happened had the door been closed; that the door could not have been closed in the usual way, because it was out of order and had been so for several days ; and that there was no regular or systematic inspection adopted by defendant to discover defects and make repairs. Again, it was in evidence that the waste-paper box to which the lad was obliged to carry and in which he was called upon to deposit waste paper was dangerously close to the elevator shaft, in a little room but poorly lighted.

On the other hand, when the defendant attempted to show contributory negligence, he contented himself with an attempt to show that there was a sign, warning people to keep off the elevator, implying that when he went on the elevator, he violated the notice and put himself without the pale of protection. The answers to this proposition are manifold—

(1) The jury were not bound to conclude that the lad got on the elevator;

(2) Even if the jury had so concluded, they must still have found that he was there in the performance of his duty;

(3) Had the jury thought that the boy was negligent in being on the elevator, nevertheless the testimony was clear that he was in no position of danger if defendant had done his duty by the lad by affording him a safe place to work in, and surrounding him with proper precautions.

So there was evidence to show negligence on the part of defendant, and none necessarily showing negligence on the part of the lad. There were no instructions asked for by the plaintiff, but one of the instructions given on behalf of the defendant was to the effect that unless the jury found that the accident happened entirely through the fault or negligence of the defendant, their verdict must be for the defendant. Surely when the jury found for the plaintiff they necessarily decided that but for the negligence of the defendant, there would have been no accident.

BRISCOE, J., delivered the opinion of the Court.

This suit is brought by the plaintiff against the defendant to recover damages for the alleged negligent killing of a minor son, who was at the time an employee on the premises of the defendant.

The declaration contains three counts and they allege in substance that the accident which resulted in death was due to the negligence of the defendant in failing to have and keep in order a door or gate, near the place assigned the plaintiff's son to work, and kept and maintained for the passage of a freight elevator, used in defendant's business.

The questions in the case are presented upon a single exception and that is to the refusal of the Court to grant the defendant's first prayer. The prayer is as follows, that there is no evidence, in the case, legally sufficient to prove that the accident and injuries to the plaintiff's son, which resulted in his death, were due to a failure of the defendant to fulfill any of the duties which he owed to the plaintiff's son, as alleged in the declaration, and the verdict must be for the defendant.

The plaintiff offered no prayers, but the Court granted the defendant's second prayer which submitted the proposition,

that the plaintiff was not entitled to recover, unless they find from the evidence that the death of the plaintiff's son was caused exclusively by the negligence of the defendant, as alleged in the declaration, and without any negligence on the part of the deceased contributing to the accident.

The case was submitted at the close of the plaintiff's evidence and the judgment being for the plaintiff, the defendant has appealed.

It becomes necessary, then, for us to examine the testimony in the record to ascertain whether there was sufficient evidence to establish the right of the plaintiff to recover.

The defendant was engaged in the business of conducting a department store, at the southeast corner of Eutaw and Saratoga streets in the city of Baltimore, and at the time of the accident the plaintiff's son, a boy of about twelve years of age, was in his employment. The boy was employed to take waste-paper from the floor of the store and deposit it in a waste-paper box, located in an ante-room to the west side of the elevator shaft and about four (4) feet in front of the elevator door. The elevator ran from the basement of the building through a shaft to the fifth floor, and from the first floor it was enclosed by a wooden frame work, with openings on each floor. The door which closed the opening on the first floor was about six feet wide and six feet long, and was raised by pulley weights attached to chains. The elevator was used alone for carrying freight. On the morning of the accident, the boy was at work in the ante-room on the first floor depositing paper in the box, when the elevator ascended from the basement and stopped at the first floor. The elevator boy testified that when he came up from the basement and opened the elevator door the boy and the porter were standing in the ante-room, about two feet from the elevator shaft and the waste-paper box, that the door to the elevator shaft was out of order, and he had to lift it up and put a curtain pole under it to hold it up; "that he put the pole under the left hand corner of the door, looking out from the elevator, the corner nearest the waste-paper box and that the corner was not

lighted." He further testified, that he did not close the elevator door, when the elevator moved to the next floor, but left it for the porter to close; that when the elevator had ascended about five or six feet, he heard some one call, and looking down the elevator and the shaft, he saw the boy lying down in the basement of the building; that he did not see the boy on the elevator, nor did he see him fall from it.

The porter, who was at work in the ante-room, testified that the boy got on the elevator to show where to put the paper, and told the elevator boy to stop at a chute, which was about five or six feet above the ante-room; that the elevator door was left open, and while he was engaged taking the prop from under the door, something brushed him on the toe of the shoe and he looked down and saw the boy, in the bottom of the cellar. He also testified that the door had been out of order for three or four days and that the accident could not have happened, if the elevator door had been closed.

We have stated the material portions of the testimony as bearing on the case and we think there was sufficient evidence of negligence which required the case to be submitted to the jury. The question of the alleged negligence of the appellant was properly submitted to the jury in the defendant's second prayer, which instructed them to the effect that the plaintiff was not entitled to recover unless they found from the evidence that the death of the plaintiff's son was caused exclusively by the negligence of the defendant, and without any negligence on the part of the deceased directly contributing to the accident. The negligence of the appellant in this case was not a question of law for the Court but of fact, to be determined by the jury upon all the facts and circumstances surrounding the accident.

According to the evidence the accident happened, either by the boy's falling from the first floor to the basement through the doorway, which had been left open after the elevator had ascended, or by falling from the elevator to the floor, and then through the open doorway to the basement. There was not sufficient space between the elevator and the shaft for him to

have fallen off the elevator and down the shaft to the basement. The question of negligence and contributory negligence was properly submitted to the jury and we see no reason, why the judgment should be disturbed.

There can be no difficulty about the law, applicable to the facts of the case. It is thus stated in *B. & O. R. R. Co.* v. *Baugh*, 140 U. S. 368. "A master employing a servant impliedly engages with him that the place in which he is to work and the tools or machinery with which he is to work, or by which he is to be surrounded shall be reasonably safe. It is the master who is to provide the place and the tools and machinery and when he employs one to enter into his service he impliedly says, to him, that there is no other danger in the place, the tools and the machinery, than such as is obvious and necessary."

In the case at bar there was evidence that the ante-room' where the boy was at work was insufficiently lighted; the elevator door was out of order and repair, and had been for some days before the accident, the waste-paper box where the boy was at work was within four feet of the open doorway, and in a small room but dimly lighted. Upon these, and the other facts set out in the record, we think the case was properly left to the jury, and the Court committed no error in rejecting the defendant's first prayer, which instructed the jury that there was no evidence legally sufficient to prove that the accident was due to a failure of the defendant to fulfill any of the duties which he owed the plaintiff's son.

For these reasons, the judgment will be affirmed.

*Judgment affirmed, with costs.*

(Decided June 9th, 1904.)